IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| DAVID ANTON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:19-cv-862 |
| § | |
| U.S. BANK NATIONAL ASSOCIATION, § | |
| AS TRUSTEE, § | |
| § | |
| Defendant. § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. Section 1446(a), U.S. Bank National Association, not in its individual capacity but solely as trustee for the RMAC Trust, Series 2016-CTT ("Defendant"), files this notice of the removal of this action from the 67th Judicial District Court of Tarrant County, Texas. Defendant submits this Notice in support of removal. Removal is based on the ground that diversity jurisdiction exists over this action because there is complete diversity among the parties and the amount in controversy exceeds $75,000.00, pursuant to 28 U.S.C. Section 1332. Defendant respectfully shows as follows:

### INTRODUCTION

1.  On or about September 27, 2019, Plaintiff David Anton ("Plaintiff") filed *Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures* (the "Petition") bearing Cause No. 067-312088-19 in the 67th Judicial District Court, Tarrant County, Texas, styled *David Anton v. U.S. Bank National Association, as Trustee* (the "State Court Action"). A true and correct copy of the Docket Sheet from the State Court Action is attached hereto as Exhibit A. In accordance with 28 U.S.C. Section 1446(a), copies of all process,

pleadings, and orders served in the State Court Action, including the Petition, are attached hereto within the contents of Exhibit B.

2. The allegations in the Petition relate to a deed of trust and foreclosure proceedings on Plaintiff's real property and improvements located at 2208 Indian Creek Drive, Fort Worth, Texas 76107 (the "Property"). (*See* Petition at ¶7.) Plaintiff alleges Defendant is wrongfully proceeding with foreclosure of the loan and sale of the Property due to alleged violations of the parties' contract with respect to escrow, potential loan modifications, and notices of foreclosure. (*See*, *generally*, *id*.) Plaintiff brings causes of action for (1) breach of contract; (2) fraud; (3) promissory estoppel; (4) violation of the Texas Debt Collection Practices Act ("TDCA"); (5) breach of the duty of cooperation; and (6) negligent misrepresentation. (*Id.* at ¶¶28-50.) Plaintiff seeks an injunction against foreclosure, attorney fees, actual damages, and exemplary damages. (*See id*. at Prayer.)

3. This Notice of Removal is timely because thirty (30) days have not expired since the State Court Action was filed, making removal proper in accordance with 28 U.S.C. Section 1446(b).

4. This action is removable to federal court pursuant to 28 U.S.C. Section 1441 because it could have been filed originally in this Court pursuant diversity jurisdiction conferred by 28 U.S.C. Section 1332.

## BASIS FOR REMOVAL – DIVERSITY JURISDICTION

**A.  There is diversity between the parties.**

5. Removal of the State Court Action to this Court is also proper pursuant to 28 U.S.C. Sections 1332, 1441(a) and (b) because the amount in controversy is well in excess of $75,000.00 exclusive of interest, costs, and attorneys' fees.

6. Plaintiff is an individual and citizen of the state of Texas (*See* Petition at ¶¶2, 7.)

7. U.S. Bank is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). U.S. Bank, National Association, is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank is, and at all times relevant to this action was, a national association bank with its main office located in Cincinnati, Ohio.  Thus, Defendant U.S. Bank is a citizen of Ohio, and no other state, for purposes of diversity jurisdiction.

**B.     The amount in controversy exceeds $75,000.00.**

8. The amount in controversy exceeds the sum or value of $75,000.00. In the Fifth Circuit, when injunctive relief is sought, the amount in controversy is measured by the value of the object of the litigation, and the value of that right is measured by the losses that will follow. *Webb v. Investacorp, Inc*. 89 F.3d 252, 256 (5th Cir. 1996). Stated differently, "the amount in controversy, in an action for declaratory and injunctive relief, is the value of the right to be

protected or the extent of the injury to be prevented." *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983); *see also Lamarr v. Chase Home Finance, LLC*, 2008 WL 4057301 (N.D. Miss. 2008) (finding amount in controversy requirement was satisfied where plaintiff sought to set aside foreclosure sale and home appraised for $83,000.00, plus unspecified amount of monetary damages); *Bank of America National Trust and Sav. Assoc. v. Reeves*, 1995 WL 96617, *1 (E.D. La. 1995) (court held that the amount in controversy was met in action seeking to enjoin foreclosure on property because the suit "puts at issue the entire value of the property on which they attempt to enjoin defendants from foreclosing.").

9.  "Reasonable bases for valuing properties include 'purchase price, market value, or outstanding principal and interest.' This court considers market value to be the preferred method." *McPherson v. Bank of Am., N.A.*, No. H-16-3498, 2016 U.S. Dist. LEXIS 180115, at *6 (S.D. Tex. Dec. 30, 2016) (citations omitted). A defendant who attaches to a notice of removal the local appraisal district's summary showing the market value of the property exceeds $75,000.00 meets the burden of establishing that diversity jurisdiction exits. *See id.* at *6; *see also Govea v. JPMorgan Chase Bank, N.A.*, No. H-10-3482, 2010 U.S. Dist. LEXIS 130940, at *11 (S.D. Tex. Dec. 10, 2010); *Funke v. Deutsche Bank Nat'l Tr. Co.*, Civil Action No. 5:14-CV-307, 2014 U.S. Dist. LEXIS 104438, at *5–6 (W.D. Tex. July 31, 2014); *Johnson v. Wells Fargo Bank, N.A.*, No. 4:12CV768, 2013 U.S. Dist. LEXIS 41583, at *7 (E.D. Tex. Feb. 22, 2013). Here, Plaintiff requests, *inter alia*, an injunction prohibiting Defendant from foreclosing on the loan and selling the Property. (*See* Petition at ¶59-63, Prayer.) The Tarrant County Appraisal District shows a total assessed value of the Property at $1,132.233.00. (Exhibits C, C-1.)

10. In addition, Plaintiff requests attorney fees. (Petition at Prayer.) Attorney fees claimed under a contractual or statutory provision are included as part of the amount in controversy. *See Graham v. Henegar*, 640 F.2d 732, 736 (5th Cir. 1981) (citing *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199 (1933)); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (holding attorney fees authorized by statute are considered in determining the amount in controversy); *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864 (5th Cir. 2002) (though considering attorney fees in a putative class action, to like effect). Reasonable attorney fees in this case include filing and serving this suit on the Defendants (including service by publication), and litigating it through trial. In the event of a trial, those fees would easily exceed $10,000.00. Similar cases have awarded attorneys' fees exceeding the jurisdictional minimum. *See, e.g., Moreno v. Kleberg First National Bank of Kingsville*, 105th District of Kleberg County, Texas (jury verdict included $570,000.00 in attorney fees against bank).

11. Defendant categorically denies Plaintiff is entitled to an award of damages in any amount, but Plaintiff's requests for injunctive relief and attorney fees far exceeds $75,000.00, exclusive of interest and costs. For the reasons stated above, there can be no dispute that Plaintiff seeks in excess of the minimum amount in controversy.

### VENUE

12. Venue for removal is proper in this district and division, the United States District Court for the Northern District of Texas, Fort Worth Division, under 28 U.S.C. Section 1441(a) because this district and division embrace the 67th Judicial District Court, Tarrant County, Texas, the forum in which the removed action was pending.

## NOTICE

13. Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice is being filed with the Clerk of Court for the 67th Judicial District Court, Tarrant County, Texas.

14. The contents of Exhibit B constitute the entire file of the State Court Action.

## CONCLUSION

For the reasons described above, Defendant respectfully requests this Court take jurisdiction over this matter and proceed as if it had been originally filed herein.

Respectfully submitted,

By:  */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas  75254
Telephone:  (214) 635-2650
Facsimile:  (214) 635-2686

**ATTORNEYS FOR DEFENDANT**

**List of all Counsel of Record**

For Plaintiff:

Robert C. Vilt
Texas Bar No. 00788586
Vilt & Associates, PC
5177 Richmond Ave., Ste. 1142
Houston, TX 707056
(713) 840-7570
(713) 877-1827
clay@viltlaw.com

and

Jason A. LeBoeuf
Texas Bar No. 24032662
Kerry Prisock
Texas Bar No. 24082005
Vilt & Associates, PC
2435 N. Central Expressway, Ste. 1200
Richardson, TX 75080
(214) 712-7495
(713) 877-1827 - Facsimile
jason@viltlaw.com
kerry@viltlaw.com


For Defendant:

Mark D. Cronenwett
Texas Bar No. 00787303
Mackie Wolf Zientz & Mann, P. C.
14160 North Dallas Parkway
Dallas, TX 75254
(214) 635-2650
(214) 635-2686 - Facsimile
mcronenwett@mwzmlaw.com

## INDEX OF DOCUMENTS ATTACHED

Exhibit A   Copy of the Docket Sheet for Cause No. 067-312088-19 in the 67th Judicial District Court, Tarrant County, Texas;

Exhibit B   Pleadings in Cause No. 067-312088-19 in the 67th Judicial District Court, Tarrant County, Texas;

    B-1   Plaintiff's Original Petition, Application for Injunctive Relief, and Request for Disclosures, September 27, 2019;

    B-2   Temporary Restraining Order, September 27, 2019;

    B-3   Defendant's Original Answer, October 9, 2019; and

Exhibit C   Declaration of Mark D. Cronenwett; and

    C-1   Print out from the Tarrant County, Texas Appraisal District web-site, October 7, 2019.

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document has been served via regular U.S. mail on October 10, 2019 on the following counsel of record:

Robert C. Vilt
Vilt & Associates, PC
5177 Richmond Ave., Ste. 1142
Houston, TX 707056
clay@viltlaw.com

Jason A. LeBoeuf
Vilt & Associates, PC
2435 N. Central Expressway, Ste. 1200
Richardson, TX 75080
jason@viltlaw.com

                                              */s/ Mark D. Cronenwett*
                                              **MARK D. CRONENWETT**